IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SMITH, | No. C 15-03478 EJD (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| M. L. DAVIS, et. al., | |
| Defendants. | |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6).  Dismissal for failure to state a claim is a ruling on a question of law.  See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that Defendants refused to process his inmate appeals, and have not responded to his requests for an interview regarding his appeals.  (Compl. at 3.)  Even if we construe the facts in the light most favorable to Plaintiff and even if his allegations are proven to be true, Plaintiff fails to state a claim upon which relief may be granted under § 1983.  See West t v. Atkins, 487 U.S. at 48.  There is no constitutional right to a prison administrative appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions).

Furthermore, California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.[1] The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983.  See Buckley, 997 F.2d at 495; see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Therefore, Plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b).

The Clerk shall terminate any pending motions and close the file.

DATED:    10/2/2015

EDWARD J. DAVILA
United States District Judge

---

[1] See Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, et seq. (applicable to state prisons).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

          Plaintiff,

  v.

M. L. DAVIS, et al.,

          Defendants.

                Case Number: CV15-03478 EJD

                **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/5/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964

Dated: 10/5/2015

                                Susan Y. Soong, Clerk
                         /s/ By: Elizabeth Garcia, Deputy Clerk